UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST DUBOSE,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 18-17627 (SDW)<br><br>OPINION |

**WIGENTON,** District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Ernest Dubose ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging his state court convictions. (ECF No. 3). Following an order to answer, Respondents filed an answer to the petition (ECF No. 10). Petitioner did not file a reply. For the following reasons, the Court will deny Petitioner's habeas petition, and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Because Petitioner's amended petition presents three discrete claims, only a limited discussion of the background of this matter is necessary for the purposes of this opinion. As explained by the Superior Court of New Jersey – Appellate Division,

> A Morris County grand jury charged [Petitioner] in a five-count indictment with second-degree conspiracy [in violation of N.J. Stat. Ann. §] 2C:5-2 (count one); second-degree official misconduct [in violation of N.J. Stat. Ann. §] 2C:30-2(a) (count two); second-degree bribery in official and political matters [in violation of N.J. Stat. Ann. §] 2C:27-2(c) (count three); second-degree attempted theft by deception [in violation of N.J. Stat. Ann. §] 2C:20-4(a) (count four); and second-degree false contract payment claims [in

1

> violation of N.J. Stat. Ann. §] 2C:21-34(a) (count five). Following a thirteen-day trial, the jury convicted [Petitioner] of all of the charges. The trial judge sentenced [Petitioner] to six years in prison on count one, and concurrent six-year terms on counts two, three, four, [and] five.

(Document 9 attached to ECF No. 10 at 1-2). Petitioner's charges and conviction arose out of a scheme in which he and his co-conspirator Gaudner Metellus conspired to defraud the New Jersey Department of Transportation out of several hundreds of thousands of dollars by, among other things, inflating repair costs for state owned bridges as part of grant proposals submitted to the Department. (ECF No. 3 at 19; ECF No. 10 at 6). At his trial, Petitioner represented himself with the aid of standby counsel. (Document 9 attached to ECF No. 10 at 3 n. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has explained that "clearly established Federal law for the purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 135 S. Ct. 1372, 1376 (2015) (internal quotations omitted). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## B. Analysis

### 1. Petitioner's Confrontation Clause claim

In his first claim, Petitioner argues that he was denied his right to confront the witnesses against him when he was not permitted to cross-examine his co-conspirator regarding tangentially related criminal charges in Pennsylvania after the witness invoked his right against self-incrimination. The right of an accused individual "to be confronted with the witnesses against him" under the Sixth Amendment "includes the right to conduct reasonable cross-examination."

*Wright v. Vaughn*, 473 F.3d 85, 93-94 (3d Cir. 2006) (internal quotations omitted). A criminal defendant can therefore establish a violation of his rights under the Confrontation Clause "by showing that he was prohibited from engaging in otherwise appropriate cross-examination" which would "expose the jury [to facts] from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)). The right to conduct cross-examination is not unlimited, however; such questioning is still subject to the discretion of trial judges to curtail improper questioning and to limit repetitive and otherwise irrelevant testimony during cross-examination. *Wright*, 473 F.3d at 93. Likewise, because alleged violations of the Confrontation Clause are subject to harmless error review, *see id.* (citing *Van Arsdall*, 475 U.S. at 684), a habeas petitioner may only prevail on such a claim by showing that the limitations imposed upon him both violated the Confrontation Clause and had a substantial and injurious effect on the outcome of his trial. *See Fry v. Piller*, 551 U.S. 112, 116 (2007) (even errors of constitutional dimension will be considered harmless on collateral review "unless [the alleged errors] had a substantial and injurious effect or influence in determining the jury's verdict"); *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993).

In his petition, Petitioner asserts that he was improperly curtailed twice. First, Petitioner contends that the trial court erred in preventing him from asking one witness, a cooperating witness named Mazzei, about the details of his conviction and guilty plea, and was instead only permitted to elicit that Mazzei had pled guilty and been convicted of a crime. The trial court precluded further questioning because any answer would amount only to inadmissible prior bad acts testimony. (*See* Document 24 attached to ECF No. 10 at 15-19). Second, Petitioner contends that he was improperly constrained when the trial judge prevented him from asking his testifying co-

4

conspirator, Metellus, about a collateral criminal charge Metellus faced in Pennsylvania because Metellus had revealed during a pre-trial hearing that he intended to invoke his Fifth Amendment rights regarding this collateral criminal proceeding. (*See* Document 22 attached to ECF No. 10 at 47-51). Metellus's Pennsylvania charge arose out of an incident which occurred after Petitioner's underlying criminal activity in which Metellus attempted to obtain a false ID in Petitioner's name. (*Id.*). Although Metellus indicated that he would invoke his right to be free from self-incrimination as to the collateral Pennsylvania criminal charges, Metellus did not invoke the Fifth Amendment in regard to any aspect of the criminal activity in which he and Petitioner engaged which gave rise to Petitioner's charges in this matter. (*Id.*).

In the first instance, it is clear that the trial court did no more than enforce standard state court evidentiary rules and that the barring of the testimony Petitioner wished to elicit – that Mazzei had been specifically convicted of theft by deception and the details of his plea agreement – had no capacity to have a substantial and injurious effect upon Petitioner's trial. The trial court's barring of further questioning as to Mazzei's conviction and plea deal was therefore clearly harmless to the extent any error may have occurred, and provides no basis for habeas relief. Petitioner's argument as to his being prevented from questioning Metellus on the basis of his invocation of his Fifth Amendment right to be free from self-incrimination fairs no better. Where a prosecution witness invokes his Fifth Amendment privilege to prevent questioning as to a conviction collateral to the defendant's underlying crime, "there is little danger of prejudice to the defendant," and the witness's invocation of his right against self-incrimination does not require the striking of his remaining testimony. *United States v. Newman*, 490 F.2d 139, 145 (3d Cir. 1974). Petitioner has no right to compel Metellus to incriminate himself, and that Metellus chose to invoke his right as to questioning regarding an unrelated criminal matter collateral to Petitioner's

5

crime neither violates Petitioner's rights under the Confrontation Clause nor amounts to reversible error. *Id.* Having reviewed the restrictions placed upon Petitioner's cross examination, it is clear that the trial court's decisions did not have a substantial and injurious effect upon the outcome of Petitioner's trial. Any error that may have occurred was harmless. *Fry*, 551 U.S. at 116; *Brecht*, 507 U.S. at 631. Petitioner is therefore not entitled to habeas relief as to this claim.

**2. Petitioner's restitution claim**

In his next claim, Petitioner contends that he was improperly required to pay restitution to the State because he believes that the payment he received from a cooperating witness was used to gather evidence and could not amount to injury to the State.[1] Habeas jurisdiction under § 2254 exists solely to permit a petitioner to challenge his state court imposed custody on the grounds that such custody violates the constitution. 28 U.S.C. § 2254(a). Restitution orders, however, do not present a sufficient restraint on an individual's liberty to amount to "custody" which may be challenged under the statute. *See Kushner v. Att'y Gen. of New Jersey*, No. , 2017 WL 2999023, at *2 (D.N.J. July 14, 2017); *Kolsanic v. United States*, No. 13-1397, 2016 WL 1382145, at *4 (D.N.J. Apr. 7, 2016); *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *United States v. Ross*, 801 F.3d 374, 380-81 (3d Cir. 2015). Habeas relief is therefore not available to those seeking to challenge only the imposition of restitution. As such, Petitioner's challenge to his restitution order fails to state a cognizable claim for habeas relief. *Kushner*, 2017 WL 2999023

---

[1] Respondents claim that Petitioner failed to raise his restitution claim in petitioning for certification in the New Jersey Supreme Court, and that this claim is therefore unexhausted. Because this claim is clearly without merit as a habeas claim, and because Petitioner's other claims fail on the merits, this Court is free to deny the claim notwithstanding Petitioner's apparent failure to exhaust. 28 U.S.C. § 2254(b)(2).

at *2; *Kolsanic*, 2016 WL 1382145 at *4. Petitioner's restitution claim is thus without merit as a habeas claim, and is denied.

**3. Petitioner's trial delay claim**

In his final claim, Petitioner contends that he was denied Due Process because more than a two week break occurred during jury deliberations and that the trial court therefore erred in denying his motion for a mistrial. The Appellate Division explained the background of this claim as follows:

> At the outset of [Petitioner's] trial, the judge advised the parties and the prospective jurors that if the trial did not finish on April 2, 2015, there would be a break in the proceedings until April 20, 2015[,] due to various scheduling conflicts.
>
> Prior to excusing the [deliberating] jurors at the end of the day on April 2, the judge carefully instructed them not to deliberate or talk about the case until they returned on April 20. When the jurors reported to court after the break, the judge thoroughly questioned each juror individually to ensure that his instructions had been followed. The judge also afforded [Petitioner] the opportunity to ask follow-up questions, but he declined to do so.

(Document 9 attached to ECF No. 10 at 4). Petitioner did not object to the break until he filed his motion for a mistrial after the jurors had returned to continue deliberations.

Petitioner contends that his motion for a mistrial should have been granted because the two week break denied him Due Process. Petitioner fails to present any evidence that he was in any way harmed or prejudiced by the break. The instructions to and questioning of the jurors prior to and after the break produced no evidence that any juror had acted improperly or was adversely affected in their ability to complete deliberations. Indeed, that Petitioner did not object until after the break had occurred suggests that he did not perceive any prejudice at the time the break was taken. Ultimately, Petitioner has failed to show that he was in any way prejudiced by the delay,

7

nor has he shown that the delay had a substantial and injurious effect upon the outcome of his trial. As such, any error that may have occurred in the denial of the motion for a mistrial or imposing of the mid-deliberations break was clearly harmless and serves as no basis for habeas relief. *See Fry*, 551 U.S. at 116; *Brecht*, 507 U.S. at 631.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's claims are without merit for the reasons discussed above, Petitioner has failed to make a substantial showing of the denial of a constitutional right and he is denied a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, Petitioner's amended habeas petition (ECF No. 3) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: December 6, 2019             *s/ Susan D. Wigenton*
                                    Hon. Susan D. Wigenton,
                                    United States District Judge

8